UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DOROTHY E. MAYS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:24-cv-00057-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Appoint Counsel. (ECF No. 2). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Petitioner seeks relief under 28 U.S.C. § 2255. She has demonstrated up to this point that she can adequately present her claim to the Court. Additionally, neither the factual nor legal issues in this case appear to be complex. The Court concludes that the appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

Dated this 15th day of July, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE